W. J. Cox Co., Inc., Petitioner and Appellant, *v.* Municipal Court of Guayama, Respondent and Appellee.

No. 4950. Argued February 13, 1930.—Decided February 28, 1930.

*Salvador Suau* and *F. Prieto,* for appellant. *F. Beiró Rovira,* for plaintiff in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Pedro Ortiz brought an action in the Municipal Court of Guayama against W. J. Cox., Inc., to recover damages caused by reason of the negligence of an agent of the defendant in driving a certain motor vehicle.

The defendant was summoned and, on March 20, 1928, it filed a demurrer together with a motion for a change of venue to San Juan, the place of its domicile.

On June 6, 1928, the plaintiff applied to the court to have the motion for a change of venue and the demurrer set down for hearing, and he certified that he had served a copy of the application on the defendant by mail. A day was set. The defendant failed to appear at the hearing. The court recorded the fact that the movant had not been served with notice, but it denied the motion for a change of venue.

At this stage of the case, and after five months had elapsed, the defendant moved the court to reconsider its decision on the ground that the defendant had not been notified of the hearing of its motion for a change of venue. The court set a day for the hearing of the motion for reconsideration. The defendant again failed to appear at the hearing, but it filed a brief in support of its last motion. The court denied the motion for reconsideration and wrote an extensive opinion setting forth the grounds of its decision.

Thereupon the defendant, on February 23, 1929, filed a petition for a writ of certiorari in the district court. The writ was issued. The respondent municipal judge moved the court to quash the writ on the ground that the order complained of was appealable; that the record had not been duly certified; and that the purpose of the petitioner was to delay the proceedings, as the statute on which the petitioner based its motion for a change of venue, at the time of the filing of the motion for reconsideration, had been so amended that its right to a change of venue had been totally extinguished and, therefore, the question involved had become academic. The defendant insisted that the ground for denying the motion for a change of venue was not the failure of the defendant to appear at the hearing on the day set for that purpose, but that the decision was made upon the merits of the motion. To be sure, the record sent up to the district court in pursuance of the writ of certiorari issued contains an order dated June 19, 1928, which reads as follows:

". "Motion denied in view of the opposition of the plaintiff and because it appears from the complaint that the cause of action arose in the Municipality of Guayama."

On March 9, 1929, the district court rendered a judgment discharging the writ. It filed no opinion in support of its decision.

Thereupon the petitioner took the present appeal to this court. Only the appellant has filed a brief or appeared at the hearing.

After considering the foregoing facts, we do not think that the district court abused its discretion in discharging the writ of certiorari. The case before us is not an ordinary appeal, but an appeal in certiorari proceedings, and the first thing that we must consider is whether the petitioner raised before the district court in a meritorious way some jurisdictional or procedural question.

No jurisdictional matter is involved. The court had discretion to grant or deny the change of venue, in accordance, of course, with the facts and the law.

Was there any procedural error? The motion for a change of venue was filed on March 20, 1928. The defendant confined itself to filing the motion and, apparently, it paid no further attention to the matter. It was the plaintiff who, two and a half months afterward, that is, on June 6, applied for the setting down of the motion for hearing and served notice of the application on the defendant by mail. The hearing was set for June 19, and the defendant complains that it was not served with notice thereof.

On December 20, 1928, or almost eight months after the filing of the motion for a change of venue and five months after the rendering of a decision thereon, the defendant filed its motion for reconsideration and alleged that it had only incidentally learned of what had been done in the case.

A party guilty of such a neglect in a matter which itself has brought before a court of justice ought not to be entitled

to the protection afforded by the extraordinary remedy of certiorari.

Granting that it was error not to have notified the defendant of the setting for hearing of the motion for a change of venue—a point on which the petitioner and appellant cites no statute or precedent which would enlighten this court in reaching a decision—it is a fact that the municipal court subsequently gave the defendant ample opportunity to present its arguments and that, after considering them, that court ratified its previous ruling.

If a direct appeal to the district court from the order denying the motion for a change of venue was available, then the defendant voluntarily allowed its right to lapse; and if no such appeal lay, the defendant may have the merits of its motion reviewed within an appeal from the final judgment, should the latter be adverse to the petitioner.

It has been repeatedly stated by this court that the fact that an attorney resides in another district does not entitle him to any privilege. If an attorney assumes the responsibility for conducting a case outside the district of his residence, he must be prepared to discharge that responsibility in such district with the same diligence and in the same manner as in cases prosecuted within the district where he resides.

The judgment appealed from must be affirmed.

MR. JUSTICE WOLF, concurring.

In *Rivera* v. *Aybar*, 32 P.R.R. 504, 508, I dissented on the ground that one municipal court has no authority or jurisdiction to order a change of venue to another municipal court. Assuming such authority to exist, I agree with the majority opinion.